ORDER AND MEMORANDUM **
Bonnie Snavely appeals the district court’s decision affirming the bankruptcy court’s confirmation of Douglas Miller’s Chapter 11 reorganization plan. She argues that the plan, and the process leading up to its adoption, contains multiple errors, including improper ballot procedures and modifications, lack of good faith, and violations of the absolute priority rule.
We affirm the district court because subsequent events have rendered Snavely’s challenge moot. We can fashion no reasonable remedy because the subject property has been sold to third parties and all allowed claims have been paid in full. Snavely allowed this comprehensive change to occur by failing to seek a stay pending her appeals.[1] See, e.g., Am. Cas. Co. of Reading, Pa. v. Baker, 22 F.3d 880, 896 (9th Cir.1994) (“A case becomes moot when interim relief or events have de *381 prived the court of the ability to redress the party’s injuries.”) (quotation marks omitted); Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.), 652 F.2d 793, 797-98 (9th Cir. 1981).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. In a separate appeal, this Court rejected Snavely's underlying claims against Miller. See Snavely v. Miller (In re Miller), No. 03-35317, 2005 WL 281387 (9th Cir. Feb.7, 2005) (memorandum disposition). The petitions for rehearing in that case have been denied. Therefore, we also note, but need not decide that, lacking status as a creditor, Snavely cannot challenge the confirmation of Miller’s plan. Snavely essentially concedes as much in her "Motion to Continue Consideration of Case Without Oral Argument,” filed March 31, 2005. Contrary to Snavely's suggestion, we see no reason to delay this disposition, and therefore the motion is DENIED.